NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0114n.06

Case No. 18-3811

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Mar 12, 2019
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| STEPHEN GALES, | ) | OHIO AT AKRON |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: KEITH, STRANCH, and DONALD, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge.** In this case, the defendant argues that his conviction for assault on a peace officer is not a crime of violence for sentencing purposes. However, he acknowledges that in *United States v. Evans*, 699 F.3d 858, 863 (6th Cir. 2012), this Court held that a conviction for assault on a peace officer, in violation of Ohio Rev. Code. § 2903.13 (A)(1) and (C)(3) (the same code the defendant violated), is a crime of violence under United States Sentencing Guidelines § 2K2.1. Because a panel of this Court cannot overturn *Evans*, and there is no "intervening decision of the Supreme Court" that does so, we are not at liberty to find in the defendant's favor, regardless of how persuasive his position may be. *United States v. Havis*, 907 F.3d 439, 442 (6th Cir. 2018). For that reason alone, we **AFFIRM**.